IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TABIUS LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:15-cv-01396-SMY |
| | ) |
| VIPEN SHAH, | ) |
| WEXFORD MEDICAL SOURCES, | ) |
| SUZANN BAILEY, | ) |
| CANTINA FOOD SERVICES, and | ) |
| WARDEN LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tabius Little is currently incarcerated at the Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1 at 1.)  Proceeding *pro se*, Little has filed a civil rights action under 42 U.S.C. § 1983 against prison employees and officials,[1] Pinckneyville's healthcare provider and the food company that provides soy food for Pinckneyville inmates. (*Id.* at 1-2.) Little alleges that the defendants served him a soy diet, failed to address health issues that he experienced based on the soy diet and did not serve him breakfast meals, all in violation of his constitutional rights. (*Id.* at 6-11.) He seeks monetary damages. (*Id.* at 12.)

This matter is now before the Court for a review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity."  During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any

---

[1] The same day he filed his Complaint, Little filed a "Motion to Sever/Settlement Conference" (Doc. 2). The motion asks the Court to dismiss Defendant Shah from this action. (*Id.* at 1.) The motion is **DENIED without prejudice**. If Little wishes to amend his Complaint, he may do so in conformance with Federal Rule of Civil Procedure 15. *See* FED. R. CIV. P. 15(a).

portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune."

## Background

The Complaint alleges the following facts. Little has been incarcerated at Pinckneyville since April 19, 2013. (Doc. 1 at 5.) From that date onward, he has been fed a soy-based diet which has caused him constipation, extreme gas, a torn anus, lethargy, severe headaches and other injuries. (*Id.* at 8.) He spoke with Dr. Shah about his medical issues, but Shah merely told him to lose weight and drink more water. (*Id.* at 7.) When Little asked Shah for a soy-free diet and a thyroid hormone level check, Shah refused his request simply telling me to "buy more commissary." (*Id.*) Little also alleges that he filed grievances with "counselors/Defendants Hartman and Samolinski," but that they were ignored. (*Id.* at 8.) According to the Complaint, female inmates successfully sued the Illinois Department of Corrections ("IDOC") over their soy diet and are no longer served soy-based meals. (*Id.* at 6.)

Little also claims that he has only received two meals per day at Pinckneyville – brunch at 10:00 a.m. and dinner at 4:00 p.m. (*Id.* at 8-9.) Little alleges that he suffers from severe headaches, hunger pains and other problems as a result of this policy (*Id.* at 10.) Little further asserts that Defendants have conspired in order to allow unnamed officials to pocket the savings and commissary profits (estimated at $1,460,000 per year). (*Id.* at 9-10.)

To facilitate the management of future proceedings and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to organize the claims in Little's *pro se* complaint into counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Shah, Wexford Medical Sources ("Wexford"), Bailey, Cantina Food Sources "Cantina"), and Lashbrook violated Little's constitutional rights by serving him soy meals.
>
> **COUNT 2:** Shah and Wexford were deliberately indifferent to Little's serious medical condition.
>
> **COUNT 3:** Shah, Bailey, Cantina, and Lashbrook violated the Constitution by instituting a two-meal-per-day policy.
>
> **COUNT 4:** All Defendants conspired against Little by serving soy food at the prison and by instituting a two-meal-per-day policy.

## Discussion

**Count 1** may proceed against Bailey and Lashbrook.[2] The Constitution mandates that prison officials provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Construing Little's complaint broadly, he alleges that Pinckneyville had a policy of serving soy-based food to prisoners, that this food has caused a number of serious side effects, and that high-level officials were aware of these side effects from a previous suit and yet continued to serve soy food. These allegations are sufficient to state arguable claims against Bailey and Lashbrook concerning the service of nutritionally inadequate or dangerous food. This is true especially in light of the fact that the food service aspect of the claim suggests systematic conditions at Pinckneyville and the prison-related defendants appear to be senior level staff within IDOC. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (personal involvement can be assumed at early stage for high-level officials if the conditions alleged are "potentially systematic"). Accordingly, **Count 1** may proceed as to the Bailey and Lashbrook.

---

[2] Marcus Hardy, the Director of IDOC, Hartman, and Samolinski were referenced in the body of the complaint, but not in the complaint's caption or "Jurisdiction" section. Therefore, the Court does not consider these individuals to be parties to this action.

**Count 1** must be dismissed, however, as to Cantina, Wexford, and Shah. Cantina and Wexford are corporate entities and are therefore treated as municipalities for purposes of § 1983 liability. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Little has not alleged any concrete policy or custom attributable to Cantina or Wexford nor has he not claimed that any acts by Cantina or Wexford led to the alleged deprivation of his rights. As to Shah, Little has not alleged that he had any involvement in general food service at Pinckneyville. Further Shah is not the type of prison official whose involvement in food service can be presumed at the outset of a suit. Accordingly, **Count 1** must be dismissed without prejudice as to Cantina, Wexford, and Shah.

As to **Count 2**, Little may pursue his claim against Dr. Shah, but not Wexford. Little claims that Shah refused his request for a thyroid hormone level check and a soy-free diet, despite his numerous health problems. To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). For screening purposes, Little's claim passes the objective hurdle—he alleges that he suffered stomach pains, constipation, a torn anus, extreme gas, lethargy, severe headaches and other injuries linked to the food at the prison. Those symptoms can indicate an arguably serious condition at screening. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 n.7 & 1373 (7th Cir. 1997). Little's claim also passes the subjective hurdle—allegations of a failure to treat can constitute

indifference, depending on the circumstances. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010). As such, **Count 2** may proceed through screening as to Dr. Shah. However, **Count 2** may not proceed against Wexford as Little has failed to identify a concrete policy to unconstitutionally deny inmates medical care. *See Olive v. Wexford Corp.,* 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" insufficient, as it did not "identify any concrete policy, let alone an unconstitutional one."). As such, any claim against Wexford must be dismissed without prejudice.

Little next alleges that prison officials violated his constitutional rights by serving only two meals per day (**Count 3**). Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). While a prisoner is not entitled to the food of his choice, he might state a claim if he alleges facts tending to show that officials provided food that is "nutritionally deficient" or "well below nutritional value," depending on the circumstances. *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015). Little alleges that Shah, Bailey, Cantina and Lashbrook instituted a policy whereby inmates at Pinckneyville were not given breakfast and that this policy has caused Little to suffer severe headaches, hunger pains and other symptoms related to a lack of nutrition. That is sufficient to state a claim concerning deficient meals at the preliminary screening stage, and therefore, **Count 3** may proceed as to Bailey and Lashbrook. That said, **Count 3** must be dismissed as to Shah and Cantina. As previously stated, Little has not alleged that Shah had any involvement in general food services at Pinckneyville and Shah is not the type of prison official whose involvement in food service can be presumed at

the outset of a suit. Also, Little has not alleged any concrete policy or custom attributable to Cantina, nor does he that any act by Cantina led to the alleged deprivation of his rights.

Little also seems to bring standalone conspiracy allegations concerning the soy-based diet at the prison and the policy to not serve breakfasts (**Count 4**). To the extent these allegations are raised against the defendants who already have claims against them in **Count 1** and **Count 3**, the conspiracy claim is duplicative.  Therefore, **Count 4** must be dismissed without prejudice against them. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (noting that the "function of conspiracy doctrine" in § 1983 cases "is merely to yoke particular individuals to the specific torts alleged in the complaint"). To the extent **Count 4** is raised against any defendants dismissed from **Counts 1-3** in an effort to draw them into the lawsuit, this is problematic under Federal Rule of Civil Procedure 8 which requires litigants to provide a minimum level of "factual content" to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Especially for allegations of a "vast, encompassing" conspiracy—like the one Little seems to be alleging here—a plaintiff "must meet a high standard of plausibility" to state a claim under Rule 8. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). In this case, all Little puts forth is a conclusory allegation that the defendants conspired with one another. Without more developed allegations, Little has not made out a viable conspiracy claim and **Count 4** must be dismissed.

Over and above his Eighth Amendment claims, Little also invokes the Fourteenth Amendment in his Complaint. However, he fails to articulate any distinct Fourteenth Amendment issue and the Court cannot discern one from the narrative of his Complaint. A Fourteenth Amendment claim would appear to be redundant as it is necessarily based on the same facts underlying the Eighth Amendment claims that were already recognized above. *See*,

*e.g.*, *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as religious claim because religious claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 F. App'x 549, 552–53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and religion claims). As such, any Fourteenth Amendment claims should be considered dismissed without prejudice.

Also, Little cites the "ADA" in his Complaint, which the Court assumes is a reference to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id.* § 12132. To make out a prima facie case of discrimination under the ADA and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (the "RA"),[3] a plaintiff must show: (1) he or she suffers from a disability as defined in those statutes; (2) he or she is qualified to participate in the program in question; and (3) he or she was either excluded from participating in or denied the benefit of that program due to his or her disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).

Here, Little titled the section of his Complaint concerning the two-meals-per-day policy (which encompasses **Count 3** and part of **Count 4** herein), "Count II ADA eighth, and fourteenth Amendment [sic.]." This is the only reference to the ADA and Little failed to mention the presence of a disability anywhere else in the Complaint. Further, he makes no allegation that any action taken by a defendant was connected to a disability, let alone constituted

---

[3] A court should analyze a disability-related claim under both the ADA and the RA. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

discrimination on account of a disability. Therefore, any claim under the ADA or RA should be considered dismissed without prejudice.

### Pending Motions

The same day he filed his Complaint, Little filed a Motion for Recruitment of Counsel (Doc. 4) and a Motion for Service of Process at Government Expense (Doc. 5). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must make the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Little's Complaint sufficiently articulates his claims, and based on this ability, this Court concludes that he appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Little's Motion for Appointment of Counsel will be **DENIED** without prejudice. Little may choose to re-file this motion at a later stage in the litigation.

Little's Motion for Service of Process at Government Expense is **GRANTED**. Waivers of service of summons will be issued and served on Defendants as ordered below. Little is

advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against **BAILEY** and **LASHBROOK**. **COUNT 1** is **DISMISSED without prejudice** as to **SHAH**, **CANTINA**, and **WEXFORD**.

**IT IS FURTHER ORDERED** that **COUNT 2** may **PROCEED** against **SHAH**. **COUNT 2** is **DISMISSED without prejudice** as to **WEXFORD**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **BAILEY** and **LASHBROOK**. **COUNT 3** is **DISMISSED without prejudice** as to **SHAH** and **CANTINA**.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **SHAH**, **BAILEY**, and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**DATED: January 13, 2016**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**
